**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IDAHLIE VAZQUEZ DELUCCA,

**Plaintiff**

v.

IKON BENEFITS GROUP, INC.
NATIONAL FINANCIAL PARTNERS

**Defendant**

**CIVIL NO.** 09-1600(JAG)

**OPINION AND ORDER**

GARCÍA-GREGORY, D.J.

Pending before the Court is Ikon Benefits Group, Inc.'s Motion for Summary Judgment. (Docket No. 23). For the reasons set forth below, the motion is hereby **GRANTED.**

**PROCEDURAL BACKGROUND**

Idahaliz Vázquez Delucca ("Plaintiff") was born on November 15, 1950. She began working for Ikon Benefits Group, Inc. ("Ikon"), a company dedicated to the administration and management of health, disability and welfare benefits, on or around November 2, 2005. (Defendant's Statement of Uncontested Facts ["DSUMF"], Docket No. 24, ¶¶ 1, 3). Her duties included providing support to the executive team and performing administrative functions such as making appointments, managing

calendars, making travel arrangements and event planning. Id. at ¶ 5. She also created databases and sales logs, marketing materials for the sales team and gave administrative support to the Accounting Manager and the Tax Benefits Division. Id.

On February 2006, Plaintiff began to be supervised by Félix García, an Ikon Principal and supervisor of the Business Development Unit. Id. at ¶ 9. During 2007, said unit was dismantled and Plaintiff was named Principal Executive Assistant/Procurement Leader. Id. at ¶ 11. She continued to work under the supervision of Félix García.

In October 2007, Defendant hired Pablo Torres, as a Human Resources Consultant. Id. at ¶ 17. Pablo Torres prepared and sent Félix García an email listing several possible personnel actions, which included the elimination of Plaintiff's position. Id. at ¶ 19. On April 18, 2008, Ikon eliminated the two Executive Administrative Assistant positions, one of which was occupied by Plaintiff. Id. at ¶ 22. On April 28, 2008, Félix García, notified Plaintiff that she was being terminated due to loss of business. Id. at ¶ 24.

The other Executive Administrative Assistant, Elizabeth Berrios, who began working for Ikon on September 2006, was named to the newly created position of Project Manager-Corporate

Relations. Id. at ¶¶ 8, 26. She worked directly for Ikon's President and Managing Principal, Omar Haedo.

On June 30, 2009, Plaintiff filed the case at bar. (Docket No. 1). She claims that she was discriminated against in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA") and of Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e ("Title VII"). She also claims remedies under several state laws. Plaintiff essentially contends that she was terminated because of her age in violation of ADEA and that another female employee was favored over her for the new position because the former was having an affair with Féliz García, which, according to her, constitutes illegal favoritism in violation of Title VII.

Ikon filed the present Motion for Summary Judgment. (Docket No. 23). It argues that Plaintiff cannot establish a case of age discrimination because she is unable to show that she was replaced, which is the fourth element of a *prima facie* case under ADEA. According to Ikon, it underwent a reorganization which led it to eliminate the position occupied by Plaintiff. It also argues that Plaintiff is unable to show that the elimination of her position is pretextual and that age was the reason she was terminated. It further avers that Plaintiff does not have a cognizable claim of sex discrimination because, as a

matter of law, third-party victims of isolated sexual favoritism do not have a claim under Title VII.

Plaintiff timely filed her Opposition to the Motion for Summary Judgment. (Docket No. 39). She argues that she is able to show she meets all the elements of an ADEA *prima facie* since she is over 40 years of age, her performance exceeded Ikon's legitimate job expectations, she was discharged, there was a continuing need for her services and a younger employee was favored over her. She further argues that the reorganization did not take place and that it was merely a pretext to terminate her. Regarding her Title VII claim, she posits that the sexual relationship between Félix García and Elizabeth Berrios led Ikon to favor her by giving her the newly created position.

Ikon filed a Reply in which it challenges Plaintiff's compliance with this Court's anti-ferret rules. (Docket no. 52). It posits that she has not offered specific evidence to establish that its reasons for terminating her are pretextual. It also argues that even if it is accepted, *arguendo*, that an affair was taking place between Félix García and Elizabeth Berrios, she would still be unable to establish a cognizable claim under Title VII since isolated incidents of preferential treatment are not actionable.

Finally, Plaintiff filed a Sur-Reply. (Docket No. 66). According to her the record shows that there are issues of fact regarding the real motives behind her termination and sustains she has proved there was a sexual relationship between Félix García and Elizabeth Berrios.

**STANDARD OF REVIEW**

1. Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable

inferences in the nonmovant's favor." Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before a Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. Anderson, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that throughout this process, this Court cannot make

credibility determinations, weigh the evidence, and make legitimate inferences from the facts, as they are jury functions, not those of a judge. Anderson, 477 U.S. at 255.

**ANALYSIS**

**1. Plaintiff's ADEA claim**

ADEA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. Velez v. Thermo King de P.R., Inc., 585 F.3d 441 (1st Cir. 2009). In the absence of "smoking gun evidence," a party may nonetheless prove discrimination under ADEA through the burden shifting framework developed by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id. Plaintiff must show by a preponderance of the evidence that: (1) He or she is over 40 years of age; (2) that his or her job performance was satisfactory and met the employer's legitimate expectations; (3) that he or she suffered an adverse employment action; (4) and, that the defendant sought younger replacement with roughly equivalent job qualifications. Arroyo-Audifred v. Verizon Wireless, Inc., 527 F.3d 63 (1st Cir. 2002).

Once this *prima facie* case is established, the burden shifts to the employer, who must articulate a legitimate and

nondiscriminatory reason for the dismissal. Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 153 (1st Cir. 1990). So long as the employer proffers such a reason, the inference raised by a plaintiff's *prima facie* case vanishes. Medina Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990). The last move may be made by the plaintiff, who must demonstrate that the legitimate reasons offered by the defendant were not its true reasons but a sham to cover up illegal discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. at 248. Ultimately, the plaintiff's burden is to prove "that age was the but-for cause of the employer's adverse action." Gross v. FBL Fin. Servs., 129 S. Ct. 2343, 2350 (2009).

In its Motion for Summary Judgment, Ikon concedes that Plaintiff meets the first three elements of her *prima facie* case, but denies that she was replaced. Plaintiff, on the other hand, sustains that Ikon is merely offering a pretextual reason for her termination because it assigned her duties to Elizabeth Berrios, who is younger.

Given the specific facts in this case, the Court finds it proper to set aside the question of whether Plaintiff established a *prima facie* case, and turn to whether there is sufficient evidence of pretext to preclude a grant of summary judgment in favor of Ikon. Hillstrom v. Best Western TLC Hotel,

354 F.3d 27, 31 (1st Cir. 2003). This technique favors efficiency and has been endorsed by the First Circuit in several cases. See Id.; see also Rivera Aponte v. Rest. Metropol # 3, Inc., 338 F.3d 9, 11 (1st Cir. 2003); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001). Thus, it will be assumed, *arguendo*, that Plaintiff met her prima facie case and that Ikon has proferred a valid non discriminatory reason for terminating her.

In order to support its position, Ikon offered a Statement Under Penalty of Perjury by Félix García in which he states that both Executive Assistant positions were eliminated in April 2008 as part of an overall effort to increase operational and cost efficiency. (Docket No. 25-4, Exhibit 3, ¶ 8). He also states that Ikon hired Pablo Torres from October 2007 until May 2008, to evaluate and make recommendations regarding salary adjustments and optimization. (Docket No. 25-4, Exhibit 3, ¶14). During his deposition, Félix García also stated that they were looking for ways to be more cost effective given the downward trends in the economy. (Docket No. 34-3, Exhibit 2, p. 79).

Plaintiff, on the other hand, disputed that a reorganization took place. She avers that the record does not show that any action was taken except her termination and that

the Executive Committee allegedly created to carry out the reorganization never produced a report.

The record, contrary to Plaintiff position, in fact contains evidence that Ikon took several concrete steps toward increasing its cost efficiency. Pablo Torres, the consultant in matters of human resources, made at least two reports. One of them, dated November 28, 2007, refers to an analysis of the salaries earned by Ikon employees in relation to those earned by other employees in the industry. It also specifies the different courses of action he suggests regarding three types of employees. It states, "[w]e will evaluate those employees who are the average of the market and if they are classified as 'Top Talent' we will manage them in the 75 percentile if they are not but they are 'Performers' we will place then as 'Red Circle' and they will not receive increases to the base until they reach the market. We can only consider bonuses that affect the base. Those 'not performing' will be placed in a PIP and will not be given increases or bonuses until we see if they improve or leave the organization." As evidenced in the record, Ikon in fact took several concrete steps toward increasing its cost efficiency such as hiring Pablo Torres, having all the salaries analyzed and establishing plans of action for each type of employee depending on where they fell relative to the market.

The burden now shifts to Plaintiff, who must demonstrate that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. at 248. She must not only impugn the veracity of Ikon's explanation but "must elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real and unlawful motive of discrimination." Thermo King, 585 F.3d at 425. Therefore, she must ultimately establish that there are issues of fact that could lead a jury to find that the "but-for" cause of her termination was age.

Plaintiff argues that she was replaced by Elizabeth Berrios because she was given the newly created position. However, the record established that the new position was created by Omar Haedo and was directly supervised by him. Therefore, Plaintiff, who provided direct assistance to Félix García, was not replaced by Elizabeth Berrios who in turn worked directly for Omar Haedo. The record also establishes that Félix García did not have a direct assistant and performed many of the duties formerly performed by Plaintiff himself or through the reception or Finance Department. (Docket No. 34-3, p. 14-15, 18-21, 22, 24-26, 29-30).

Plaintiff also argues there are issues of material fact regarding the real reason for her termination by arguing that Félix García gave contradictory explanations as to the motives Ikon had. She posits that at one point during his deposition he said that Ikon was looking for efficiencies and denied that the reason was economic, but that at another point he said that they were seeking to reduce costs. She further alleges that the day of her termination she was told that the reason was loss of business. (Docket No. 39, p. 7).

It has been established that a plaintiff may "establish pretext by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that a factfinder could infer that the employer did not act for the asserted non-discriminatory reasons." Thermo King, 585 F.3d at 449 (citing Santiago-Ramos v. Centeniial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). However, in the instant case the Court does not consider that the reasons given by Ikon are contradictory or constitute shifting explanations. While it is true that Félix García testified that during 2007 they were beginning to seek ways to increase efficiency and be proactive due to the downward trend in the economy, this is not incompatible with saying that the final decision in 2008 was made because of loss of business.

He also testified that Ikon had an ongoing process in which reduction or increase in sales was used to set dates for when certain decisions regarding efficiencies would be made. (Docket No. 34-4, p. 79). It is clear, therefore, that there was consistency regarding Ikon's explanations for its decision making process and that in order to defeat summary judgment, Plaintiff must produce other evidence to establish that a reasonable jury could find that the but-for cause of her termination was age.

The Court finds that no such facts exists in this case. During her deposition Plaintiff stated that while working at Ikon she suspected that Elizabeth Berrios and Félix García were having an affair. She also stated that she felt hostility from Félix García and explained that "[t]he hostility that you are sitting here working, that you don't know where your boss is, that when he arrives he passes by your desk and doesn't even look at you, or say hello, nor talk to you, that you feel ignored." (Docket No. 34-1, p. 200). She further that she knew he was dying to have her out of there and that he was looking for a way to fire her because a person knows when this is happening. Id.

The Court has meticulously examined the transcripts of Plaintiff's deposition and not a single specific instance of age

discrimination was found. Plaintiff has simply not produced evidence to support her conclusory argument that she was terminated because of her age. Stating that Elizabeth Berrios was given a position because she was having an affair with Féliz García and she was younger than Plaintiff does not show that the "but-for cause" of her termination was age and, therefore, it is not enough to defeat Ikon's Motion for Summary Judgment. A reasonable jury might find that Ikon favored Elizabeth Berrios because of the alleged relationship. However, it could not reasonably find that age was the reason Plaintiff was terminated, especially given Plaintiff's own testimony and the fact that she was hired way into her fifties and terminated only two and a half years later.

**2. Plaintiff's Title VII Claim**

Title VII makes it unlawful to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's […] sex. 42 U.S.C. ' 2000e 2(a)(1). Plaintiff's specific claim under Title VII is a highly unusual claim. It is also a first impression issue in this district and has never been addressed by the First Circuit. Specifically, Plaintiff

claims that she was rejected from the position finally given to Elizabeth Berrios because the latter acceded to the sexual demands of Félix García.

The seminal case regarding sex discrimination due favoritism is De Cintio v. Westchester County, 807 F.3d 304 (2d Cir. 1986), *cert. denied,* 484 U.S. 825, 98 L.Ed. 2d 50, 108 S. Ct 89 (1987). In said case, six male employees alleged that they had been discriminated against because, in order to exclude them from competing for a position, their supervisor had required a license he knew only his romantic partner possessed. The Second Circuit had to determine whether the "phrase 'discrimination on the basis of sex' encompasses disparate treatment premised not on one's gender, but rather on a romantic relationship between an employer and a person preferentially hired." Id. at 306. After analyzing the purpose of Title VII, it found that, historically, in Title VII sex discrimination cases "there existed a causal connection between the gender of the individual or class and the resultant preference or disparity." Id. at 307.

The Court also analyzed the corresponding EEOC Guideline, which states that, "[w]here employment opportunities or benefits are granted because of an individual's submission to the employer's sexual advances or requests for sexual favors, the employer may be held liable for unlawful sex discrimination

against other persons who were qualified for but denied that employment opportunity or benefit." 29 C.F.R. § 1604.11. The Court in De Cintio concluded that the term "submission" as employed by the guideline means lack of consent, coercion or harassment and that "voluntary, romantic, relationships cannot form the basis of a sex discrimination suit." De Cintio, 807 F.3d at 308. Most Circuit Courts have adopted De Cintio's interpretation. See Drinkwater v. Union Carbide Corp., 904 F.2d 853 (3d Cir. 1990); Becerra v. Dalton, 94 F.3d 145 (4th Cir. 1996); Ellert v. University of Texas, 52 F.3d 543 (5th Cir. 1995); Henderson v. Walled lake Consol. Sch., 469 F.3d 479 (6th Cir. 2006); Preston v. Wis. Health Fund, 397 F.3d 539 (7th Cir. 2005); Miscellaneous Docket Matter 1. Miscellaneous Docket Matter 2, 197 F.3d 922 (8th Cir. 1999); Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366 (10th Cir. 1997); Succar v. Dade County Sch. Bd., 229 F.3d 1343 (11th Cir. 2000).

"The rationale for holding that Title VII does not prohibit instances of preferential treatment based upon a relationship, even one of a sexual nature, is that disadvantage suffered by the non-favored employee is for reasons other than their gender." Johnson v. Heyman, U.S. Dist. LEXIS 12785 (D.D.C. 2000). As one District Court explained, "[f]avoritism of a paramour, therefore, while perhaps unfair, is gender neutral and

more akin to nepotism than sexism." Sherk v. Adesa Atlant, LLC, 432 F. Supp. 2d 1358, 1371 (N.D. Ga. 2006) (internal quotations and citations omitted).

In the absence of First Circuit authority, and given the weight and correctness of Circuit authority, this Court considers that Plaintiff's claim is not cognizable under Title VII. Even if Félix García and Elizabeth Berrios had a sexual relationship and she was favored because of it, as Plaintiff alleges, sex discrimination in violation of Title VII did not take place here. Plaintiff has neither alleged nor offered evidence to show that the relationship was due to Elizabeth Berrios submission to Félix García's coercion or harassment. She has limited herself to alleging that Elizabeth Berrios was favored over her because of a sexual relationship, which, as unfair as it may be, is not contrary to Title VII.

Finally, The Court declines to exercise jurisdiction over Plaintiff's supplemental law claims.

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Ikon's Motion for Summary Judgment. (Docket No. 23). The case shall be dismissed with prejudice, except the supplemental

claims that shall be dismissed without prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of March, 2011.

S/ Jay A. García-Gregory
JAY A. GARCÍA-GREGORY
United States District Judge